UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CHARLES PEACH, ET AL.                                                        Plaintiffs

v.                                                            Civil Action No. 4:22-cv-000133-RGJ

AIYANNA HAGERMAN, ET AL.                                                  Defendants

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Defendants Aiyanna Hagerman and Vanessa Morris move the Court to reconsider its Memorandum Opinion and Order [DE 19] denying in part and granting in part Defendants' motion to dismiss. [DE 21]. Plaintiffs Charles and Heather Peach responded. [DE 23]. Defendants replied. [DE 25]. Briefing is complete, and the matter is ripe. For the reasons below, Defendants' Motion to Reconsider [DE 21] is **DENIED**.

### I.     BACKGROUND

The facts are detailed in the Court's Opinion on Defendants' motion to dismiss. [DE 19 at 1–3]. This case relates to dependency, neglect, and abuse proceedings concerning the minor L.A.P. The child's father, Charles Peach, both individually and as Next Friend of L.A.P, as well as the child's stepmother filed this action against Hagerman and Morris, employees of Kentucky's Cabinet for Health and Family Services. At issue is the Court's ruling on Defendants' motion to dismiss [DE 7]. Defendants contended they were entitled to qualified immunity on all federal claims. [*Id.* at 4–6]. The Court declined to grant Defendants' motion to dismiss on Plaintiffs' Fourth Amendment seizure claim, denied Defendants' motion to dismiss Plaintiffs' substantive due process rights, found that Plaintiffs' complaint alleged sufficient facts to support a claim that

Peach's procedural due process rights were abridged, and declined to grant Defendants' motion to dismiss on Plaintiffs' common law malicious prosecution claim.

## II.     STANDARD

"The Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration, but district courts have authority to reconsider interlocutory orders under federal common law and Rule 54(b)."[1]  *McCormack v. City of Westland, MI*, No. 18-2135, 2019 WL 4757905, at *2 (6th Cir. Apr. 15, 2019) (citing *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004); Fed. R. Civ. P. 54(b)).  When "there is an intervening change in controlling law, newly available evidence, or a need to correct a clear error or prevent manifest injustice," reconsideration may be justified.  *Id.* (citing *Rodriguez*, 89 F. App'x at 959).  Such motions are "not intended to re-litigate issues previously considered by the Court or to present evidence that could have been raised earlier." *Ne. Ohio Coalition for Homeless v. Brunner*, 652 F. Supp. 2d 871, 877 (S.D. Ohio 2009).  Furthermore, "[t]he moving party has the burden of showing that reconsideration is warranted, and that some harm or injustice would result if reconsideration were to be denied." *Durand v. Hanover Ins. Grp., Inc.*, No. 3:07-CV-00130-HBB, 2018 WL 1948098, at *5 (W.D. Ky. Apr. 25, 2018) (quoting *Pueschel v. Nat'l Air Traffic Controllers' Ass'n*, 606 F. Supp. 2d 82, 85 (D.D.C. 2009)) (internal quotation marks omitted).

---

[1] Defendants state that motions to reconsider are generally treated as if premised under Rule 59(e). [DE 21 at 1]. "However, Rule 59(e) does not provide an appropriate means to challenge a non-final order." *Saunders v. Ford Motor Co.*, No. 3:14-CV-00594-JHM, 2015 WL 13547825, at *1 (W.D. Ky. Aug. 4, 2015) (citing *Simmerman v. Ace Bayou Corp.*, 304 F.R.D. 516, 518 (E.D. Ky. 2015)).  As there has been no final order or judgment, the Court cannot consider Defendants' motion under Rule 59. *See Davey v. St. John Health*, 297 F. App'x 466, 469 (6th Cir. 2008) (when a plaintiff's case has remaining claims, an order of dismissal as to less than all defendants is not a final order); *see also Edmonds v. Rees*, No. 3:06-CV-P301-H, 2008 WL 3820432, at *2 (W.D. Ky. Aug. 13, 2008) ("both Rule 59 and Rule 60 are only applicable to final orders or judgments"); Fed. R. Civ. P. 54(b).  Although the Court cannot consider Defendants' motion under Rule 59(e), it will consider their motion under the appropriate authority, common law, and Rule 54(b).

### III.  DISCUSSION

Defendants move the Court to reconsider its ruling regarding the issue of qualified immunity. [DE 21 at 1]. It is well established that a "motion for reconsideration is not intended as a means to allow a losing party simply to rehash rejected arguments or to introduce new arguments." *Saltmarshall v. VHS Child.'s Hosp., of Michigan, Inc.*, 402 F. Supp. 3d 389, 393 (E.D. Mich. 2019) (citing *e.g.*, *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)) ("Thus, parties should not use [motions to reconsider] to raise arguments which could, and should, have been made before judgment issued.").

First, Defendants request this Court reconsider the second prong of the qualified immunity analysis, whether the right was clearly established at the time of the alleged violation. [DE 21 at 3]. Second, Defendants request this Court to "apply the Kentucky law formulation of qualified immunity on this pendant state law claim." [*Id.* at 10].

**A. Qualified Immunity**

Qualified immunity shields government officials from civil liability for discretionary functions, "'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "The standard is one of objective reasonableness, analyzing claims of immunity on a fact-specific, case-by-case basis to determine whether a reasonable official in the defendant[s'] position could have believed that [her] conduct was lawful, in light of clearly established law and the information [she] possessed." *Pray v. Sandusky*, 49 F.3d 1154, 1158 (6th Cir. 1995). "At the motion to dismiss stage, the relevant inquiry is whether plaintiff has alleged 'facts which, if true, describe a violation of a clearly established statutory or constitutional right of which a reasonable public official, under an objective standard,

would have known.'" *Adams v. Ohio Univ.*, 300 F. Supp. 3d 983, 1002 (S.D. Ohio 2018) (quoting *Doe v. Ohio State Univ.*, 219 F. Supp. 3d 645, 664 (S.D. Ohio 2016)).

Defendants contend that the violation alleged here "was not clearly established with specificity so as to be beyond debate or to even provide fair notice to these Defendants that their actions may violate Plaintiffs' Constitutional right(s)." [DE 21 at 3–4]. Defendants raise most of the same arguments they raised in their motion to dismiss. [DE 7].

The Court previously determined that Plaintiffs alleged sufficient facts to support a claim that their Fourth Amendment rights were abridged. [DE 19 at 14]. The Court found that Plaintiffs' right to make decisions concerning the care, custody, and control of their child without arbitrary government interference was clearly established at the time of Defendants' conduct. [*Id.* at 17]. The Court found that Plaintiffs sufficiently alleged that Defendants violated their substantive right to family integrity or familial association. [*Id.*]. And based on Sixth Circuit precedent, the Court determined Defendants had fair warning that it would be unconstitutional to interfere with Mr. Peach's right to the companionship of L.A.P. without any procedural protections or without valid consent. [*Id.* at 23].

"It is not the function of a motion to reconsider arguments already considered and rejected by the court." *White v. Hitachi, Ltd.*, No. 3:04-CV-20, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008) (citation omitted)). When a party views the law in a light contrary to that of this Court, its proper recourse is not a motion for reconsideration but appeal to the Sixth Circuit. *Helton v. ACS Grp.*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997).

Defendants have not demonstrated manifest error to warrant reconsideration on the qualified immunity issue.

4

**B. State Law Claim**

Defendants also contend that this Court should apply Kentucky qualified immunity on Plaintiffs' common law malicious prosecution claim. [DE 21 at 10]. Defendants raise this new argument in their motion to reconsideration, an argument they could have raised in their motion to dismiss. Defendants cannot use their motion for reconsideration to raise new legal arguments that could have been raised in their motion to dismiss. *See United States v. Smith*, No. 3:08-CR-31-JMH, 2012 WL 1802554, at *1 (E.D. Ky. May. 16, 2013). The Court does not have to reconsider its opinion with respect to this argument as Defendants failed to raise it in their original motion.

### IV.  CONCLUSION

For the reasons above, and being otherwise sufficiently advised, **IT IS ORDERED** that Defendants' **Motion for Reconsideration** [DE 21] is **DENIED.**

August 11, 2023

Rebecca Grady Jennings, District Judge
United States District Court

Copies to:     Counsel of record

5